IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-51609

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALDEGUNDO GARCIA-HERRERA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-668

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

The opinion issued in this case on July 14, 2008, is withdrawn and this revised opinion is substituted therefor.

Aldegundo Garcia-Herrera (Garcia) appeals the sentence he received for violating 8 U.S.C. § 1326(a) by illegally reentering the United States after previously being removed.  Garcia initially argued that his three-year term of supervised release exceeds the maximum one-year term authorized by the illegal reentry statute because he is not subject to the enhanced penalty authorized by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

8 U.S.C. § 1326(b)(2). However, the parties have now informed the Court that while Garcia's appeal was pending and within the first year of his term of supervised release, the district court revoked Garcia's term of supervised release and sentenced him to eight months of imprisonment. The district court was authorized to "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3). Because Garcia's supervised release was revoked within the first year of his term of supervised release, and because Garcia received a revocation sentence of less than one year, he is not suffering any direct or collateral consequences from the erroneously imposed three-year term of supervised release. See Spencer v. Kemma, 523 U.S. 1, 7 (1998) (noting that the case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained"). Thus, as all parties to this appeal now agree, the issue presented by Garcia's appeal is moot. We therefore dismiss Garcia's appeal for lack of jurisdiction.

APPEAL DISMISSED AS MOOT.